

E-filing

1  Melanie D. Popper, Esq. (SBN: 236279)
2  **THE REVELATION LAW FIRM, P.C.**
   2560 9th Street, Suite 212M
3  Berkeley, CA 94710
   Tel. (510) 665-4195
4  Fax (510) 665-4197

FILED

AUG – 3 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5  Attorneys for Plaintiff
   MELANIE D. POPPER
6  *in propria persona*

**UNITED STATES DISTRICT COURT**

7  **NORTHERN DISTRICT OF CALIFORNIA**

8

9

10  MELANIE D. POPPER, an individual,            **COMPLAINT FOR DAMAGES**

11                        Plaintiff,             Case No.

12              v.                               **C10-03403**

13  WINDHAM PROFESSIONALS, INC.,      1.  VIOLATION OF FEDERAL DEBT
    a corporation,                            COLLECTION PRACTICES ACT
                                               15 U.S.C. §1692 et seq.
14                    Defendants.
                                        2.  VIOLATION OF CALIFORNIA FAIR
15                                             DEBT COLLECTION PRACTICES
                                               ACT
16                                             Civil Code §1788 et seq.

17

                                        **JURY TRIAL DEMANDED**

Plaintiff MELANIE D. POPPER, alleges as follows:

24  ///

25

COMPLAINT FOR DAMAGES - 1

## JURISDICTION AND VENUE

1. This action arises under 15 U.S.C. §1692 et seq., and California Civil Code 1788.10 et seq. Plaintiff invokes jurisdiction over her federal claim pursuant to the provisions of 28 U.S.C. §§1331 and 1332. The acts and practices complained of herein occurred in within a judicial district governed by this court. Venue is also proper in this district because Plaintiff resides in this district, Defendants transact business in this district, and the contract was signed in this district in the city and county of San Francisco.

2. Plaintiff invokes jurisdiction over her state law claims pursuant to the provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3. Plaintiff MELANIE D. POPPER is an individual who resides in Alameda County, California. At all relevant times, Plaintiff is a "consumer" as that term has been defined by 15 U.S.C §1692(a)3.

4. Defendant WINDHAM PROFESSIONALS, INC., (hereinafter "Defendant Windham Professionals") is a corporation doing substantial business in the state of California and in the county of Alameda and San Francisco.

5. Defendant conducts business, the principal purpose of which is the collection of debts alleged to be due another. Defendant uses instrumentalities of interstate commerce in its business. Defendant is subject to the FDCPA which regulates the practices of debt collectors.

6. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by Defendant. Plaintiff alleges violation of the Fair Debt

COMPLAINT FOR DAMAGES - 2

Collection Practices Act, 15 U.S.C. §§ 1692 -1692o ('FDCPA").

7.     Plaintiff asks for a declaration that Defendant's debt collection practices violate the FDCPA, statutory damages, attorney's fees and litigation expenses.

8.     The gravamen of this action is that Defendants make false, deceptive, abusive and misleading representations during  its collection efforts.  Further it engages in an unfair and unconscionable collection practice by creating a false sense of urgency and misstating the terms of a contractual agreement/promissory note.

## FACTUAL ALLEGATIONS

9.     In or about early June of 2010, Plaintiff POPPER received a telephone call on her personal cellular telephone from Defendant WINDHAM PROFESSIONALS, INC., and its employees, Sabrina Nino and Jerry Versattelli.

10.    During the telephone call, Ms. Nino and Mr. Versatelli attempted to collect a debt apparently purchased by Defendant WINDHAM PROFESSIONALS regarding a defaulted, private bar study loan from 2003.

11.    Defendants indicated that the loan amount, now in default, was over $20,000 even though the original principal amount was only $10,000 and interest added since Plaintiff's last payments came to approximately $5,000.

12.    During the initial telephone call with Ms. Nino and Mr. Versatelli, Plaintiff POPPER disputed the validity of the debt, seeking verification.

13.    During the initial telephone call with Ms. Nino and Mr. Versatelli, Ms. Nino insisted that Plaintiff POPPER pay a reduced amount of $9800 within one week because this was amount that the underlying private creditor was willing to accept for this short amount of time only.

COMPLAINT FOR DAMAGES - 3

14. During the same call, after a transfer from Ms. Nino to Mr. Versatelli, made insulting remarks to Plaintiff POPPER and made implied threats regarding "disciplinary action" against Plaintiff POPPER, and negatively affecting her professional standing.

15. During the following week, Ms. Nino called Plaintiff POPPER several times on her cellular line, refusing to state her identity or that the matter was concerning collection of a debt and demanding instead that Plaintiff POPPER disclose her social security number over the telephone. (Plaintiff POPPER recognized Sabrina Nino's voice and accent over the telephone during these calls.)

16. Defendant WINDHAM PROFESSIONALS had been sending mail to the wrong address in Plaintiff's building and Plaintiff discovered this after a discussion with Plaintiff's regular postal employee who delivered mail to the tenants in Plaintiff's building. Plaintiff thereafter retrieved Defendant WINDHAM PROFESSIONALS, INC., summary of balance due with the amount she disputed on it – about $20,000.

17. In response to Defendant's offer of $9800 to be paid within one week, Plaintiff POPPER rejected the $9800 lump sum and instead sent a lower payment to Defendant WINDHAM PROFESSIONALS, INC., in or about mid-June of 2010. Plaintiff POPPER still disputed the total amount due, crossed out the $15,000, and asking that the payment be applied to the principal balance.

18. In response to Plaintiff's payment and request, Defendant WINDHAM PROFESSIONALS, INC., returned the check on or about June 17, 2010 and refused to accept it, apparently because Plaintiff POPPER requested that it be applied to the principal balance until the dispute over what was truly owed could be resolved.

19. Shortly thereafter, Plaintiff contacted the underlying creditor and spoke with two different customer services representatives, Joseph and Josh. Representative Joseph indicated that the creditor may be willing to take installment payments or make a payment arrangement and that the $9800 may be open longer than one week. Representative Josh referred Plaintiff back to Defendant WINDHAM PROFESSIONALS, INC.

Ms. Nino refused to validate the debt, refused to send any information explaining the additional $5000 mysteriously added to Plaintiff

20. Plaintiff POPPER contacted Sabrina Nino on or about mid-July 2010 by telephone and POPPER's balance due and made insulting and abusive remarks toward Plaintiff POPPER.

21. During the same conversation, WINDHAM PROFESSIONALS, INC., employee Sabrina Nino also misrepresented the credit reporting status of this debt, stating that this was not a reported debt when, in reality, it was being reported. This is indicated by Plaintiff's June and July 2010 credit reports which falsely report the amount of the debt.

22. Additionally WINDHAM PROFESSIONALS, INC., employee Sabrina Nino also misrepresented the contractual agreement and/or promissory note by misrepresenting that Plaintiff had promised to pay an additional 25% in collection costs and "penalties", when, in actuality, there was no such agreement or provision agreed upon by Plaintiff POPPER. This percentage based additional costs and penalties were not expressly authorized by the agreement, were not otherwise legal, and they violated the FDCPA.

23. Due to Defendants' failure to honor Plaintiff's good faith payment and its return of the check, Defendants continue to add on extra fees, interest and charges that the original creditor and loan agreement does not allow and which negatively affect plaintiff's credit report.

24. Wherefore, Plaintiff sues for damages and requests relief in an amount to be proven.

COMPLAINT FOR DAMAGES - 5

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FDCPA**
15 U.S.C. § 1692, et seq.

25.   Plaintiff incorporates by this reference all of the foregoing paragraphs.

26.   Plaintiff is and was at all times relevant a consumer within the meaning of 15 U.S.C. § 1692a(3). The transaction between the Defendants and Plaintiff was a consumer transaction within the meaning of 15 U.S.C.§ 1692a(5).

27.   Defendants were at all times relevant "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

27a.   Defendants have violated 15. U.S.C. § 1692 (e)  by misrepresenting the amount owed and including debt collectior's percentage and "penalties" in its balance owed amounting to more than 25% of the unpaid balance.  Plaintiff did not agree to pay a collection agency an additional 25% of unpaid balance. And see *Kojetin v. CU Recovery, Inc.* (D. Minn. 1999) 1999 WL 1847329, holding that *"the FDCPA would provide little protection to a debtor if, in agreeing to pay 'reasonable collection costs,' a debtor was held to have agreed to pay whatever percentage fee a debt collection service happened to charge a lender."*

27b.   Also, *Richard v. Oak Tree Group, Inc.,* (W.D. Michigan 2008) 614 F. Supp. 2d 814, in which the court held that an agreement to pay even actual collection costs "is not an agreement to pay a collection agency's maximum potential commission based upon a percentage of plaintiff's unpaid balance […]." So, Defendant's assertion that Plaintiff contracted to pay a 25% penalty is false because this was not expressly agreed upon and these kinds of liquidated damages and penalty clauses as asserted by Defendant are unlawful and unenforceable because they are deceptive and unfair competition and violate California's Civil Code Section 1671 and

COMPLAINT FOR DAMAGES - 6

common law holding that "California prohibits enforcement of contractual penalties." [*Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.,* (ND Cal. 2007) F.Supp.2d 1031, 1044].

28.     Defendants' representation that it was authorized to settle Plaintiff's claim for about 65% and that this the offer would be open for a period of ten (10) days

was false, deceptive and misleading in violation of 15 U.S.C. §§ 1692e and e(10), because Defendant may have been willing to accept the settlement sum after ten (10) days and/or take installment payments as per representative from original creditor, Joseph.

29.     Defendants' time limitation on acceptance of the settlement caused an unfair and unconscionable sense of urgency in violation of 15 U.S.C. § 1692f.

30.     Defendants have also violated 15. U.S.C. § 1692(d) by repeatedly sending mail to the wrong address.

31. Defendants have also violated 15. U.S.C. § 1692 (g) et seq., by refusing to validate the debt after Plaintiff, in writing, disputed collection agency Windham Professional's amount by crossing it out and sending a check to be applied to the principal balance until correct amount owed could be ascertained.

32. Defendants have also violated 15. U.S.C. § 1692 (e) by misrepresenting the amount owed and including debt collection's percentage and "penalties" in its balance owed.

33. Defendants have also violated 15. U.S.C. § 1692(e), (f) deceptive and misrepresentative statements regarding the underlying contract with the original creditor.

34.     Defendants have also violated 15. U.S.C. § 1692, et seq., by refusing to state identity and that this was an attempt to collect a debt.

35. Defendants have also violated 15. U.S.C. § 1692(d) by refusing to accept check sent in partial payment of debt.

COMPLAINT FOR DAMAGES - 7

36.  Defendants have also violated 15. U.S.C. § 1692, et seq., by demanding that Plaintiff disclose social security number before Defendant would disclose identity and nature of the call.

37.  Defendants have also violated 15. U.S.C. § 1692, (e), (f) by demanding percentage-based charges, penalties and interest charges that the collector is not entitled to collect and which were not expressly provided for in the contractual agreement between the creditor and the debtor.

[See *Irwin v. Mascott* (ND CA 2000) 112 F.Supp.2d 937; see also

38.  Defendants have also violated 15. U.S.C. § 1692, et seq., by threatening unintended and unlawful action (with regards to comments made by employee Jerry Versattelli.

39.  Plaintiff has suffered special and general damages , as a direct, legal and proximate cause of Defendants conduct and prays for relief as more fully set forth below.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA'S FAIR DEBT COLLECTION PRACTICES ACT
Cal. Civ. Code 1788.10 § et seq.

40.  Plaintiff hereby incorporates the above paragraph as though fully alleged and re-alleged herein.

41.  At all relevant times, Defendant was a debt collector within the meaning of Cal. Civil Code Section 1788.10.

42.  At all relevant times, Plaintiff incurred a debtor and a consumer within the meaning of Cal. Civil Code Section 1788.10 et seq.

43.  Defendant's actions violated Cal. Civil Code Section 1788.10 et seq. because of:

**a)** refusal to disclose identity

**b)** demanding that Plaintiff reveal social security number before disclosing identity

(Plaintiff recognized voice of debt collector representative, Sabrina Nino).

COMPLAINT FOR DAMAGES - 8

**c)** making misleading statements about the amount of the debt owed

**d)** threatening to damage Plaintiff's professional reputation if the debt was not paid per defendant's terms ($9800 within one week.

**e)** refusing to accept Plaintiff's check for partial payment.

Plaintiff has suffered special and general damages , as a direct, legal and proximate cause of Defendants conduct and prays for relief as more fully set forth below.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff request of this Court the following relief:

A. Actual, special, general and statutory damages;

B. Reasonable attorney fees and costs;

C. Such other and equitable relief as this Court may deem necessary or proper.


Dated: July 29, 2010

THE REVELATION LAW FIRM


By _____

Melanie D. Popper
*In Propria Persona*

COMPLAINT FOR DAMAGES - 9

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands trial by jury.

3

Dated: July 29, 2010

4

THE REVELATION LAW FIRM

5

6

7

By _____

8

9

Melanie D. Popper
*In Propria Persona*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES - 10